The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement submitted prior to the hearing, as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. At the time of plaintiff's alleged injury by accident, plaintiff's average weekly wage was $686.00, yielding the maximum compensation rate of $442.00 per week.
4. A two page medical report from Charlotte Orthopedic Specialists with other medical attachments, collectively marked as Stipulated Exhibit #1, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of this hearing, plaintiff was 44 years old. Plaintiff is a high school graduate and completed one year of computer programming instruction.
2. Plaintiff was employed with defendant as a local pick-up and delivery driver.
3. During his pick-ups and deliveries, plaintiff was required to open and close the trailer door of his truck each time a pick-up or delivery was made. Some of the businesses in which plaintiff made his pick-up and deliveries had loading docks, while some of them did not.
4. A pick-up or delivery made to a business that does not have a loading dock is referred to as a ground delivery. Ground deliveries were not uncommon and were performed by plaintiff several times a week.
5. Plaintiff worked for defendant-employer for approximately 15 1/2 years.
6. On April 23, 1993, plaintiff, as part of his job duties, made a delivery to a business which had no loading dock. During his employment with defendant-employer, plaintiff had made ground deliveries to this business on numerous occasions.
7. On the April 23, 1993 ground delivery, plaintiff in the course and scope of his normal job duties had to climb onto the rear bumper of his trailer and from a crouched position had to pull up on the trailer door to open it. Plaintiff had done this on numerous occasions involving ground deliveries when there was no loading dock available. As plaintiff was opening the trailer door, he felt a popping in his right knee.
8. Plaintiff continued to work his normal shift and missed no work as a result of the April 23, 1993 incident.
9. Plaintiff experienced pain and swelling of his right knee. Several days after the April 23, 1993 incident, plaintiff informed his supervisor of the incident.
10. Plaintiff was examined by Dr. Donald G. Joyce on June 22, 1993 and June 28, 1993. Plaintiff, as a result of the April 23, 1993 incident, had a tear of the medial meniscus of his right knee. Plaintiff was treated with Relafen. Plaintiff may require arthroscopic surgery to repair the torn meniscus in the future.
11. Plaintiff has not reached maximum medical improvement and has not received a disability rating concerning the injury to his right knee.
12. Plaintiff missed no time from work as a result of the April 23, 1993 incident and has continued to work with defendant-employer without interruption through the date of this hearing.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 23, 1993, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim under the law must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ THOMAS J. BOLCH COMMISSIONER